UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No.
JOSE COSME,

                        Plaintiff,

      -against-                                  **COMPLAINT**

MARKET CONNECT GROUP, INC., RHONDA LEADER,
individually, and KEITH RIVERS, individually,

                      Defendants.          Plaintiff Demands
                                                             A Trial by Jury
------------------------------------------------------------------------X

Plaintiff, by and through his attorneys, Phillips & Associates, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII"), and to remedy violations of the Executive Law of the State of New York and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by the Defendants on the basis of his sex/gender and actual and/or perceived sexual orientation, together with retaliation and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. § 2000e *et seq.*; 28 U.S.C. § 1331, §1343, and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of the State of New York.  28 U.S.C. §1391(b).

5. On or about September 16, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about September 10, 2020, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. From October 15, 2020 through November 30, 2020, and from January 21, 2021 through February 3, 2021, the Parties entered into two (2) separate tolling agreements regarding the claims in this case.

8. Pursuant to the tolling agreements, the applicable statute of limitations on all of Plaintiff's claims was tolled until February 4, 2021.  Plaintiff now commences this Action in accordance with the provisions of the tolling agreement.

9. This action is being brought within ninety (90) day statutory time period.

## PARTIES

10. At all times material, Plaintiff was and is a homosexual, male resident of the State of New York, County of Bronx.

11. At all times material, Defendant MARKET CONNECT GROUP, INC. ("MARKET") was and is a foreign business corporation duly incorporated under the laws of the State of California.

12. At all times material, Defendant MARKET is a foreign business corporation duly authorized to do business in the State of New York, which does business in the State of New York.

13. At all times material, Defendant MARKET is a marketing consulting firm that provides

promotional services and has multiple locations, including an office located at 200 Broadacres Drive, 2nd Floor, Bloomfield, New Jersey 07003.

14. At all times material, Defendant RHONDA LEADER ("LEADER") was and is Defendant MARKET's "Vice President of Operations."

15. At all times material, Defendant LEADER was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

16. At all times material, Defendant KEITH RIVERS ("RIVERS") was and is Defendant MARKET's "Director of Demonstrations and Events."

17. At all times material, Defendant RIVERS was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

18. At all times material, Plaintiff was an employee of Defendant MARKET.

19. Defendant MARKET, Defendant LEADER, and Defendant RIVERS are collectively referred to herein as "Defendants."

## MATERIAL FACTS

20. In or around April 2017, Plaintiff commenced his employment with Defendant MARKET as a Coffee Advisor. As a condition of his employment, Plaintiff worked for Defendant MARKET as a Coffee Advisor exclusively at BED BATH & BEYOND's 1932 Broadway, New York, New York 10023 location.

21. Plaintiff earned an hourly rate of approximately $18.00, plus incentives.

22. Throughout his employment, Plaintiff was a strong performer for Defendants.

23. For example, within his first year of employment, Plaintiff earned multiple merit-based pay raises, increasing his hourly rate to $24.00 per hour, plus incentives.

24. However, on or about April 20, 2019, Plaintiff was harassed and discriminated against

because of his sex/gender and actual and/or perceived sexual orientation.

25. Specifically, during his shift, one of BED BATH & BEYOND's employees, Saida (last name currently unknown), accosted Plaintiff and called him a "**faggot**." Plaintiff was incredibly offended by Saida's comment and asked, "What did you say?" Saida responded, "**You heard me**." Plaintiff did not reply because he did not want to escalate the situation further.

26. Subsequently, Plaintiff spoke with BED BATH & BEYOND's "Manager," Kellie Marcelli, about the discriminatory incident. Ms. Marcelli advised Plaintiff to file a formal complaint with BED BATH & BEYOND.

27. Later that afternoon, Plaintiff met with BED BATH & BEYOND's "Senior Manager," Angel Gonzalez, and filed a formal complaint about the incident.

28. Later that day, Plaintiff emailed Defendant LEADER and Defendant RIVERS and complained about Saida calling him a "**faggot**." Minutes later, Defendant LEADER responded, "[Defendant RIVERS] and I will call you on Tuesday 4/23 to discuss the below incident."

29. Accordingly, on or about April 23, 2019, Plaintiff called Defendant LEADER and Defendant RIVERS. During this conversation, Plaintiff reiterated his complaint of discrimination. Defendant LEADER and Defendant RIVERS assured Plaintiff that they would investigate. Strangely, however, they both also randomly promised Plaintiff that he would not be terminated for lodging his complaints.

30. In reality, Defendants placated Plaintiff to cover up their discriminatory behavior. Defendants had every intention of terminating Plaintiff for engaging in protected activity.

31. However, one (1) week later, on or about April 30, 2019, Defendant LEADER and Defendant RIVERS called Plaintiff and advised him that "additional information" had come

4

to their attention, which required further investigation, and told him not to report to work until further notice. Notably, no such "additional information" was ever discussed with Plaintiff.

32. Defendants' actions were intended to create a pretextual paper trail to justify Plaintiff's eventual termination.

33. The next day, on or about May 1, 2019, **just eight (8) days after his complaint**, Defendant LEADER and Defendant RIVERS terminated Plaintiff's employment.

34. Defendants terminated Plaintiff because they perceived him as a "troublemaker" and wanted to preserve their business relationship with BED BATH & BEYOND.

35. Defendants terminated Plaintiff in order to condone and support the discriminatory animus of an agent of its customer, i.e., BED BATH & BEYOND.

36. Defendants' actions were intended to, and did, create a hostile work environment that no reasonable person would tolerate.

37. Defendants discriminated against Plaintiff because of his sex/gender as well as actual and/or perceived sexual orientation.

38. Defendants would not have retaliated against Plaintiff but for his complaints about Defendants' unlawful employment practices.

39. As a result of Defendants' actions, Plaintiff feels extremely degraded, victimized, embarrassed, and emotionally distressed.

40. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and

other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

41. Because Defendants' conduct has been malicious, willful, outrageous, and done with full knowledge of the legion of law to the contrary, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**UNDER TITLE VII**
**RETALIATION**

42. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

43. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

44. Defendant MARKET engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

**AS A SECOND CAUSE OF ACTION**
**UNDER STATE LAW**
**RETALIATION**

45. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person before he has opposed any practices forbidden under this article."

47. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to Defendants' unlawful employment practices.

### AS A THIRD CAUSE OF ACTION
### UNDER STATE LAW
### AIDING AND ABETTING

48. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

50. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

### AS A FOURTH CAUSE OF ACTION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### RETALIATION

57. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. The New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an

7

act which would be an unlawful discriminatory practice under this chapter…"

59. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendant.

### AS AN FIFTH CAUSE OF ACTION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### AIDING AND ABETTING

60. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint as if fully set forth herein.

61. The New York City Administrative Code § 8-107(6) provides that:

> "It shall be unlawful employment practice: "For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

62. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the New York State Executive Law, and the Administrative Code of New York City; and that the Defendants harassed and discriminated against Plaintiff on the basis of his sex/gender, actual and/or perceived sexual orientation, together with creating a hostile work environment, retaliation, and unlawful termination;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make his whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demand judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: February 4, 2021
       New York, New York

**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*

By: _____
Jesse S. Weinstein, Esq.
45 Broadway, Suite 430
New York, NY 10006
(212) 248-7431
jweinstein@tpglaws.com
